# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br><br>**Thomas E. Weinert and Melissa A. Weinert aka Melissa A Fox**<br>    Debtor | CHAPTER 13<br><br>CASE NO.: 18-15484-amc<br><br>HEARING DATE: February 12, 2019<br>TIME: 11:00 AM<br>LOCATION: COURTROOM #4 |

**MOTION OF BANK UNITED N. A., FOR RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(a) TO PERMIT MOVANT TO COMMENCE OR CONTINUE FORECLOSURE PROCEEDINGS ON 7315 CENTRAL AVENUE, PHILADELPHIA, PA 19111**

AND NOW COMES, BankUnited, N.A. ("Movant"), by and through its attorneys, Hill Wallack LLP, and respectfully represents as follows:

1.  This Motion (the "Motion") is filed by Movant for relief from the automatic stay provisions of 11 U.S.C. §362(a) to permit Movant to continue its foreclosure on real property located at 7315 Central Avenue, Philadelphia, PA 19111 (the "Mortgaged Premises").

2.  On or about April 23, 2008, Thomas E. Weinert and Melissa A. Weinert aka Melissa A Fox ("Debtors") executed and delivered to Gateway Funding Diversified Mortgage Services L.P. a Promissory Note ("Promissory Note") in the principal amount of $193,047.00. A true and correct copy of the Promissory Note is attached hereto and made a part hereof as Exhibit "A."

3.  To secure the obligations under the Promissory Note, Borrowers granted Mortgage Electronic Registration Systems, Inc. as nominee for Gateway Funding Diversified Mortgage Services L.P. ("MERS") a valid, enforceable, and recorded first lien and mortgage (the "Mortgage") on the Mortgaged Premises, all of the terms of which are incorporated herein by reference as if fully set forth at length, which Mortgage was thereafter recorded in the Philadelphia County Recorder of Deeds Office on April 30, 2008 as Document No. 51896941. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B."

4. The Mortgage was assigned by MERS to Bank of America, N.A. ("BOA") on May 8, 2012 and recorded in the Philadelphia County Office of the Recorder of Deeds on May 15, 2012 as Document No. 52483102. A true and correct copy of the Assignment is attached hereto and made apart hereof as Exhibit "C."

5. The Mortgage was assigned by BOA to Carrington Mortgage Services, LLC ("Carrington") on April 17, 2018 and recorded in the Philadelphia County Office of the Recorder of Deeds on April 19, 2018 as Document No. 53353298. A true and correct copy of the Assignment is attached hereto and made apart hereof as Exhibit "D."

6. On or about April 23, 2008, Debtors entered into a Loan Modification Agreement with Bank of America, N.A., which was recorded in the Philadelphia County Office of the Recorder of Deeds on October 30, 2013 as Document No. 52713503. The Modification Agreement modified the maturity date of the Mortgage and the Principal balance of the Note. A true and correct copy of the Loan Modification is attached hereto and made apart hereof as Exhibit "E."

7. Movant is the current mortgagee by virtue of an Assignment of Mortgage from Carrington dated August 13, 2018 and recorded in the Philadelphia County Office of the Recorder of Deeds on August 17, 2018 as Document No. 53405934. A true and correct copy of the Assignment is attached hereto and made apart hereof as Exhibit "F."

8. On August 17, 2018, Debtors filed petition for relief under Chapter 13 of the United States Bankruptcy Code.

9. The Debtors listed the current value of the Property in Schedule A/B in the amount $204,000.00.

10. As of the Petition Date, Movant is the holder of a secured claim in the amount of $161,839.87 with pre-petition arrears due in the amount of $8,664.62 together with additional legal fees and costs and taxes due and payable on the Mortgaged Premises per the Proof of Claim filed October 26, 2018.

11. The current monthly payment on the Mortgage is $1,224.60.

{Y0602217; 1}

12. The Debtors are currently in arrears post-petition for their failure to pay the post-petition payments due November 1, 2018 through January 1, 2019 for a total of $3,673.80.

13. Consequently, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (1) as the Debtor has no ability to confirm a Chapter 13 Plan.

WHEREFORE, BankUnited, N.A. respectfully requests that this Court enter an Order granting relief from the automatic stay provisions of 11 U.S.C. § 362(a) to allow Movant to proceed in its foreclosure of the Mortgaged Premises, to name the Debtor in the foreclosure suit solely for the purpose of foreclosing their interests in the Mortgaged Premises, and to allow Movant, or any other purchaser at the Sheriff's Sale, to take any legal action necessary to gain possession of the Mortgaged Premises.

Respectfully submitted,

By:  /s/ Michael J. Shavel
Michael J. Shavel, Esq., Attorney ID 60554
Hill Wallack, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone 215-579-7700
Facsimile 215-579-9248
Email: mshavel@hillwallack.com

{Y0602217; 1}